On April 5th, 1928, the complainant filed his bill against Mayberry's Dyers and Cleaners, Incorporated (hereinafter called "Mayberry's"), and Phoebe Snow Dyers and Cleaners, Incorporated, alleging that the defendants maintained a dyeing and cleaning business on the premises immediately adjoining complainant's property, and that the defendants in operating that plant caused noises, vibration, smoke, fumes, vapors and gases to be emitted therefrom to the extent that the complainant was made sick and his property rendered unfit for occupancy. A permanent restraining injunction was sought. After Mayberry's had filed its answer denying all the essential allegations of the bill, the court of chancery, pursuant to a rule to show cause, granted partial preliminary restraint against Mayberry's and refused such relief against the co-defendant. Later a mortgage, given by Mayberry's to the Commonwealth Trust Company, was foreclosed and the plant was purchased and, from September, 1928, operated by Bon-Ton Cleaners and Dyers, Incorporated. On March 21st, 1929, eleven days before the final hearing, complainant amended his bill by striking out the name of Phoebe Snow Dyers and Cleaners, Incorporated, and inserting Bon-Ton Cleaners and Dyers, Incorporated, in the place thereof. A further and belated amendment alleged that the purchase by the last named corporation was not a bona fide purchase.
Mayberry's did not appear at the hearing and as to it the relief prayed for was granted. The court of chancery determined, however, that the transfer to the Bon-Ton company was bonafide; that that defendant could not be held responsible for prior faults of Mayberry's, and that the complainant had not sufficiently proved acts by the Bon-Ton company of such moment or extent as to justify the grant of a restraint against it. A decree enjoining was issued against Mayberry's and the bill of complaint against the Bon-Ton Cleaners and Dyers, Incorporated, was dismissed. The complainant appeals from that dismissal. *Page 214 
Our study of the record leads us to agree with the conclusion of the vice-chancellor who heard the cause that the proof was inadequate to justify injunctive restraint against the Bon-Ton Cleaners and Dyers, Incorporated. Assuming that the good faith of the purchase of the plant by the Bon-Ton company was properly in issue, we agree that the bona fide character of the transaction was not successfully attacked and that that corporation may not be charged with the derelictions of Mayberry's. The decree appealed from will be affirmed.
For affirmance — THE CHIEF-JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.
For reversal — None.